**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jose Manuel Sulbaran-Rojas,

Petitioner,

v.

Unknown Party,

Respondent.

No. CV-26-07369-PHX-KML

**ORDER**

On October 8, 2026, petitioner Jose Manuel Sulbaran-Rojas filed a petition for writ of habeas corpus and a motion for temporary restraining order. (Docs. 1, 2.) The court then issued "Notice of General Order 26-09 and Standard Schedule." (Doc. 5.) The General Order requires the United States Attorney's Office file a notice of appearance within three calendar days of the Clerk of Court issuing the standard scheduling order. (Doc. 5-1 at 2.) The General Order also states that "[d]uring the pendency of these proceedings, the government must provide at least two business days' notice to the petitioner . . . and the Court of its intent to remove the petitioner from the United States and must not remove the petitioner during that time period." (Doc. 5-1 at 4.) The court referenced this language when denying petitioner's motion for temporary restraining order as unnecessary. (Doc. 7.)

The government did not file a notice of appearance within three calendar days, nor a notice that petitioner was scheduled to be removed. The government's first filing occurred on October 15, 2026, when it filed notice that petitioner had been removed from

the United States on October 13, 2026. (Doc. 8.)

Based on the present record, it appears the government violated the General Order by not filing a timely notice of appearance and by not filing notice petitioner would be removed. The government must show cause why it should not be sanctioned for failure to comply with the General Order. *See* 18 U.S.C. § 401; *United States v. Ray*, 375 F.3d 980, 992 (9th Cir. 2004) (standing order was permissible exercise of court's "inherent authority to regulate the practice of litigants before it"). The government's response must identify the facts that caused the possible violations and, if appropriate, remedial measures the government has implemented to ensure future compliance with the General Order in every case in which it is issued.

Petitioner's removal renders his petition moot and this case is dismissed. That dismissal, however, does not prevent the court from considering "collateral issues," such as the government's possible violations of the General Order. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990) It is well established that a federal court may consider collateral issues after an action is no longer pending.

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DISMISSED AS MOOT**. The Clerk of Court shall close this case.

**IT IS FURTHER ORDERED** no later than **October 28, 2026**, the government shall file a response addressing whether it complied with General Order 26-09. If the government did not comply, it must explain why that noncompliance occurred and identify what remedial steps have been taken to prevent recurrence.

Dated this 20th day of October, 2026.

Honorable Krissa M. Lanham
United States District Judge